[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDERS RE: DISCOVERY
The plaintiff, Biddle Sawyer Corporation, and the defendant, Devchem International, Inc. (Devchem), formed a joint venture, Devchem Biddle International, L.L.C., to import certain chemicals. They had a dispute which caused the plaintiff to sue Devchem, certain officers thereof, and also Development International, Inc. (Development), a new company formed by individuals associated with Devchem. On February 24, 2009, the action was stayed as to the two individual defendants, Loretta Lau and John Kovac, because they were the subject of criminal charges, but the action remains pending as to the two corporations. CT Page 4208
On April 14, 1999, the plaintiff obtained a prejudgment remedy of attachment against the defendant corporations for approximately $500,000. The plaintiff subsequently learned that Devchem and/or Development had stored a number of barrels of pseudoephedrine at a warehouse owned by Kaster Moving Co., Inc. (Kaster). On an application by the plaintiff to modify its prejudgment remedy, this court signed a temporary injunction dated June 18, 1999, enjoining the defendants from removing these barrels of chemical products from Kaster's warehouse until further order of the court. This order was served on Kaster on June 21, 1999, but was not served on the defendants until July 2, 1999. Between June 23, 1999 and July 1, 1999, the defendants removed approximately 127 barrels of the chemical from the Kaster warehouse. On November 15, 1999, the plaintiff moved (#161, 162, 163, and 164) to hold Kaster in contempt for permitting the chemicals to be removed and the other defendants for removing the chemicals from the Kaster warehouse.
Although agreeing that the defendants removed the barrels of chemical from the warehouse before they were actually served with a copy of the temporary injunction, the plaintiff contends that the defendants knew of the order and were obliged to obey it. Kaster claims it is not a party to the underlying action and was not named in the temporary injunction and therefore cannot be held in contempt.
A hearing on this motion for contempt was held on several dates, including August 4, 2000, at which time the hearing was adjourned sine die because the parties agreed that certain outstanding motions to quash, to compel, for protective orders, etc., needed to be resolved before the contempt hearing should be resumed.
Motion #179 to Compel.
This motion and #180 both seek the same relief and were filed by the plaintiff on April 3, 2000 to compel Development to produce documents in response to the plaintiff's request for production dated October 4, 1999. The defendant resists production on the ground that it involves Loretta Lau, the president of Development. As noted, the action is stayed as to this individual and her deposition need not go forward until further order. However, the request for production is directed against the two corporations. The objections to the request, including #186, were not filed timely and they are therefore overruled and the motion to compel is granted.
Motion #190 for Protective Order.
This motion dated June 12, 2000 is by the defendant Development and CT Page 4209 seeks to prevent the taking by the plaintiff of a deposition of Southern New England Telephone Company. As noted previously, the plaintiff contends that the defendants knew of the temporary injunction even before they were served and hence are bound by its terms. The plaintiff seeks to demonstrate that the law firm of Bello, Lapine and Cassone spoke with Development and/or Lau during the period between June 18, 1999 and July 1, 1999, when the last of the chemical product was removed from the Kaster warehouse. The plaintiff is not seeking the substance of any conversations between these parties or any information regarding legal advise, if any, given by the attorney to the client, but only to determine whether in fact the law firm spoke with the corporations and/or individuals during that period. Thus, the motion for protective order is denied as the proposed deposition does not implicate the attorney-client privilege.
Motion # 191 for Protective Order and to Quash Subpoena.
This motion was filed by Kaster on June 19, 2000, and seeks to prevent the plaintiff from taking Kaster's deposition and to quash a subpoena duces tecum. The plaintiff seeks the telephone records of Kaster and its attorney, L.D. Church, during the period mentioned in the above motion to learn whether or not they communicated during that time period. The motion is denied for the same reason set forth in #190, viz., that the plaintiff does not seek the substance of the conversation between attorney and client, which would involve the attorney-client privilege, but only the fact of whether any conversations occurred during the time period in question.
Motion #192 to Quash Subpoena.
This motion was filed by Development and Loretta Lau and seeks to quash a subpoena duces tecum served on June 13, 2000 on the law firm, Bello, Lapine and Cassone, in connection with a proposed deposition by the plaintiff of said law firm. The plaintiff seeks the firm's legal invoices, bills and records evidencing communications, oral or written, in the time period in question between the law firm and Devchem, Development, Kovac, Lau or Attorneys Church and W W. Ward. The fact of whether there was any such communications during the relevant time period may be inquired into, including telephone records, but the balance of the subpoena is quashed as it seeks information such as legal bills that appear to involve the attorney-client privilege.
Motion #193 for Protective Order and to Quash.
This motion, filed on June 26, 2000 by Kaster, pertains to a proposed deposition of its private counsel, Attorney Church, includes a request to CT Page 4210 quash a subpoena duces tecum calling for the production of certain documents. The disposition of this motion is controlled by motion #191, also involving the deposition of Attorney Church, because again the deposition does not purport to involve the attorney-client privilege, but only whether Kaster and Attorney Church did or did not communicate during the relevant time period, not what, if any, legal advise was sought or given. All other arguments in this motion are not persuasive.
Motion #194 for Protective Order and to Quash Subpoena.
Attorney Ward filed this motion on June 22, 2000, seeking a protective order prohibiting the taking of his deposition, and also quashing the subpoena duces tecum served in connection with the proposed deposition. This motion is similar to #192 in that it seeks, in addition to communications between Attorney Ward and Devchem, Development, Kovac, Lau and Attorneys Church and Cassone, "legal invoices, billing records or other documents." The subpoena is quashed as to the latter but the fact of communications during the relevant time period may be inquired into at the deposition of Attorney Ward.
Motion #195 for Protective Order.
This motion, which was filed by Attorney Ward on June 26, 2000, relates to a deposition of the Southern New England Telephone Company and seeks telephone records pertaining to Attorney Ward's communications during the relevant time period with the corporate and individual defendants and also with Attorneys Church and Cassone. This motion is similar to motion #190 by Development and Lau and results in the same ruling, i.e., the motion is denied.
So Ordered.
Dated at Stamford, Connecticut, this 27 th, day of March, 2001.
William B. Lewis, Judge T.R.